## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 03 2019, 9:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kay A. Beehler
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Aaron Quinton,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 3, 2019

Court of Appeals Case No.
19A-CR-266

Appeal from the Franklin Circuit Court

The Honorable Clay M. Kellerman, Judge

Trial Court Cause No.
24C02-1701-F5-61

**Baker, Judge.**

Aaron Quinton appeals the sentence imposed by the trial court after he pleaded guilty to Level 5 Felony Operating a Vehicle After a Lifetime Suspension, arguing that the sentence is inappropriate in light of the nature of the offense and his character. Finding the sentence not inappropriate, we affirm.

## Facts

On December 27, 2016, Franklin County Sheriff's Deputies Jason Robinson and Ryan Lackey arrived at the scene of an accident off Quarry Road, where they found a green Volkswagen in a field. The vehicle had been driven through a wire fence. The driver was not present, and no one was inside the vehicle.

Around the time that the crash had been reported, Cynthia Quinton called the Franklin County Sheriff's Department to ask whether her husband, Quinton, was incarcerated. Cynthia told the dispatchers that Quinton and another man had been the last people inside the vehicle before the accident; she did not know who had been driving at the time of the accident.

On December 28, 2016, Deputy Lackey called Quinton. During the call, Quinton told Lackey that two other men had been in the Volkswagen, that he had been driving behind it in his truck, and that he saw that Volkswagen drive into the field for no reason. On January 4, 2017, police received a report that placed Quinton at the scene of the accident. When the officers contacted Quinton again, he told Deputy Lackey that he had made up the story about the other men driving the vehicle. He also said that he had been riding with a woman named Tina Smith, who had been the driver, and that he had lied to

police because Smith was afraid her boyfriend would become angry if he learned that she had been with Quinton. Shortly after Deputy Lackey's conversation with Quinton, Smith contacted police. She initially claimed that she had been driving the vehicle at the time of the accident, but after Deputy Lackey shared the statement that placed Quinton at the scene, Smith conceded that Quinton had been the driver. Deputy Lackey then contacted Quinton again. This time, Quinton admitted that he had been driving the vehicle. He told Deputy Lackey that he had lied because he had a poor driving history.

[5] On January 20, 2017, the State charged Quinton with Level 5 felony operating a vehicle after a lifetime suspension. On May 16, 2018, Quinton pleaded guilty to the charge. A sentencing hearing took place on July 24, 2018, during which the trial court stated the following:

> Well, I appreciate the fact that Mr. Quinton pled guilty, and I hope that you're moving in the right direction. But as I – as I look at your criminal history, the State of Indiana determined 26 years ago that you shouldn't be operating a motor vehicle anywhere for life. And at that time, you had five DUIs. Since then, you've had five more DUI convictions, and you have one more pending. So today you plead guilty to that, that means you have 11 OWIs in your lifetime. That's a lot. With the criminal history that wasn't included in the presentence investigation, that's what you do have. By my count, this would be a 23rd conviction, I believe. And at least the ninth felony. And just by looking at the presentence investigation, you've been placed on probation nine times, and you violated three times. You've been given work release. You've had – you've pled guilty to certain offenses and you had all the time suspended. You've been placed in incarceration, and – and you're back again. So we have a criminal history spanning over 30 years, more than 20

convictions, multiple felonies, multiple counties. And it's not just OWI. It's operating, it's public intoxication, it's possession of marijuana. I mean there are all kinds of things. So I'll note that you've taken responsibility for this, but I can't think of one thing that probation could do for you, that hasn't already been offered. I appreciate the fact that you've tried to change your life, and hopefully you are. But if there was ever a case where the maximum sentence is appropriate, I believe this is it. . . .

Tr. Vol. II p. 40. The trial court then sentenced Quinton to six years, all executed. Quinton now appeals.

# Discussion and Decision

[6] Quinton's sole argument on appeal is that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and his character.

[7] Indiana Appellate Rule 7(B) states that a "Court may revise a sentence . . . if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). In determining whether the sentence is inappropriate, we will consider numerous factors such as culpability of the defendant, the severity of the crime, the damage done to others, and a "myriad [of] other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). It is our job to leaven the outliers, not to achieve a perceived "correct" sentencing result. *Id.* at 1225.

[8]     Quinton pleaded guilty to Level 5 felony operating a vehicle after a lifetime suspension. He faced a term of one to six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6(b). Quinton received the maximum sentence of six years, fully executed.

[9]     As for the nature of the offense, Quinton operated a vehicle despite being suspending for life from doing so. He should never have been behind the wheel of a vehicle. His actions resulted in property damage to the wire fence through which he drove. He left the scene of the accident and lied twice to Deputy Lackey about what had happened and had Smith lie on his behalf. During his sentencing hearing, Quinton admitted that he may have been under the influence of alcohol at the time of the accident.

[10]    As for Quinton's character, we note that Quinton has an extensive criminal history. By the trial court's count, Quinton has at least twenty-three prior offenses, many of which were driving-related crimes. Since 1992, Quinton has been convicted of eight driving offenses, including convictions for operating a vehicle as an habitual traffic violator and operating a vehicle while intoxicated. At the time of Quinton's guilty plea hearing, he was released on bond from a case in another county, which included charges of operating a vehicle while intoxicated and possession of marijuana. Despite opportunities to reform his behavior through probation and work release, he has failed to do so and continues to violate the same laws in the same ways.

[11]   Given the nature of his offense and Quinton's character, we do not find the sentence imposed by the trial court to be inappropriate.

[12]   The judgment of the trial court is affirmed.


Najam, J., and Robb, J., concur.